UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHARLIE LEE JACKSON,**

           **Plaintiff,**

-vs-                                                        Case No.  6:11-cv-1254-Orl-GJK

**COMMISSIONER OF SOCIAL
SECURITY,**

           **Defendant.**
_____

## MEMORANDUM OF DECISION

Charlie Lee Jackson (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits.  Doc. No. 1.  Claimant argues that the final decision of the Commissioner should be reversed and remanded for an award of benefits or for further proceedings because the Administrative Law Judge (the "ALJ") erred by: 1) relying exclusively on the testimony of a vocational expert (the "VE") at step-five when the ALJ's hypothetical question to the VE failed to include all of Claimant's limitations; 2) rejecting portions of Dr. Hopkins' consultative physical opinion and relying on other portions of his opinion; and 3) finding Claimant's subjective testimony not credible.  Doc. No. 25 at 2-15.  For the reasons set forth below, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings because the ALJ erred at step-five by relying on testimony from the VE without including all of the Claimant's limitations in the ALJ's hypothetical question.

I.      **BACKGROUND.**

On August 8, 2007, Claimant filed an application for benefits alleging an onset of disability as of January 1, 2007. R. 128-40. Claimant alleges disability due to lumbar spondylolisthesis, a pinched nerve, and severe pain in his lower back radiating into Claimant's lower extremities. R. 86, 97, 166-68. Claimant's application was denied initially and upon reconsideration. R. 80-97. Thereafter, Claimant requested a hearing before an ALJ and, on November 9, 2009, a hearing was held before ALJ Betty Roberts Bareito. R. 31-74, 100.

Claimant and a VE were the only persons to testify. R. 31-74. At the hearing, the following exchange occurred between the ALJ and the VE:

> Q:   I have a hypothetical individual, and I'd have to answer these following questions - - this hypothetical individual has the same age, education and work experience as our [C]laimant; the person - - I would - - and I would also like for you to assume for the sake of the hypothetical that I'm going to find the [C]laimant's testimony credible - - this individual is able to walk for approximately one blocks - - one block in an eight-hour period, sit for 10 minutes at a time, stand for 15 minutes at a time, lift approximately 20 pounds; this individual suffers from back leg and lower back pain and also pain in the neck; pain originated approximately five years ago; it occurs daily, and it's based on a pinched nerve; and that's it. Can such an individual do any of the [C]laimant's past relevant work?
>
> A:   No, your honor.
>
> Q:   Can you explain why?
>
> A:   Well, the physical demands of the past relevant work far exceed the hypothetical, but - - limitations on sitting, standing and lifting.
>
> Q:   Okay. My <u>second hypothetical</u> involves an individual of the same age, education and work experience as our [C]laimant. This individual is able to do work of the

          sedentary exertional limitation and is able to - - and has back, leg and neck pain; however, is taking medication and with the medication, it - - the - - it controls the pain. Can such an individual do any other work in the local or national economy?

A:     Your <u>hypothetical number two is completely separate from hypothetical one</u>?

Q:     <u>It is</u>.

A:     Okay. I would - - I would identify <u>the following sedentary positions</u> that would <u>match that hypothetical</u>. The first would be <u>dispatcher, non-emergency</u>. The DOT number is 239.367-022. The SVP is a three. It's a semi-skilled position. It is sedentary. . . . Another position that I would identify would be what's known as <u>unskilled sedentary assembly positions</u>. . . . The job title for that is <u>circuit board assembler</u>. Another DOT is 739.687-182. The job title is <u>table worker</u>. Again, the <u>exertional level is sedentary</u>. . . .

Q:     Thank you.

R. 70-72 (emphasis added). As set forth above, the ALJ asked the VE two separate hypothetical questions. R. 70-72. In the second hypothetical question, the ALJ asked whether jobs exist in the national economy that an individual who is limited to sedentary work and has back pain controlled by medication can perform. R. 71-72. The VE testified that three jobs exist that such an individual with those limitations could perform, including: dispatcher, non-emergency; circuit board assembler; and table worker. R. 72.

     On December 3, 2009, the ALJ issued a decision finding Claimant not disabled. R. 17-26. In her decision, the ALJ determined that Claimant retains the residual functional capacity (the "RFC") to "perform sedentary work . . . except [Claimant is limited to] occasionally climb[ing], balance[ing], stoop[ing], kneel[ing], crouch[ing], and crawl[ing]." R. 20. The ALJ also found that Claimant could not perform his past relevant work. R. 24.

At step-five, the ALJ made the following significant findings:

> If the [C]laimant had the [RFC] to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical Vocational Rule 201.28. However, the [C]laimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.
>
> To determine the extent to which these limitations erode the unskilled light occupational base, the [ALJ] asked the [VE] whether jobs exist in the national economy for an individual with the [C]laimant's age, education, work experience, and [RFC]. The [VE] testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as a Dispatcher-Non Emergency . . . an Assembler such as Circuit Board Assembler . . . and a Table Worker. . . .
>
> Based on the testimony of the vocational expert, the [ALJ] concludes that, considering the [C]laimant's age, education, work experience, and [RFC], the [C]laimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above cited rule.

R. 25-26 (emphasis added). In the decision, the ALJ stated that she posed a hypothetical question to VE, which included the limitations contained in the Claimant's RFC and, based on the VE's testimony, the ALJ found that other jobs exist in the national economy that Claimant can perform. R. 26. Thus, the ALJ found that Claimant is not disabled. R. 26.

## II.   ANALYSIS.

As set forth above, Claimant raises three issues on appeal. *See* Doc. No. 25 at 2-15. However, the Court finds that the first issue raised by Claimant, whether the ALJ erred by relying on the testimony of the VE when the ALJ's hypothetical question did not include all of Claimant's limitations is dispositive of the case. The Commissioner concedes that the ALJ's hypothetical question to the VE did not contain all of the limitations that the ALJ found in the

RFC determination. Doc. No. 26 at 14-15. However, the Commissioner maintains that the ALJ's error is harmless because the three jobs identified by the VE at the hearing do not require climbing, balancing, stooping, kneeling, crouching, or crawling. Doc. No. 26 at 15. The Commissioner contends that remanding the case to have the ALJ ask a complete hypothetical question would not change the result. Doc. No. 26 at 15.

In the Eleventh Circuit, ALJ's are required to pose hypothetical questions which are accurate and which include all of a Claimant's limitations. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Where an ALJ relies significantly on the testimony of a VE to find that other jobs exist in the national economy that a Claimant can perform, but fails to include all the Claimant's limitations in the hypothetical question, the Eleventh Circuit has held that the final decision is not supported by substantial evidence. *Id.* at 1562 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

In *Dial v. Commissioner of Social Security*, 403 Fed.Appx 420, 421 (11th Cir. Nov. 18, 2010) (unpublished), the Eleventh Circuit considered whether an ALJ's failure to include all of the claimant's limitations in the hypothetical question to the VE was harmless because the Dictionary of Occupational Titles' description of the jobs identified by the VE would not require the claimant to perform duties inconsistent with claimant's RFC. *Id.*[1] The Eleventh Circuit found that the ALJ could have relied upon Dictionary of Occupational Titles, but instead relied solely on the testimony of the VE, who had not been instructed as to all of the claimant's limitations. *Id.* Thus, the Eleventh Circuit determined that the error was not harmless. *Id.* (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (concluding that an ALJ's factual errors were harmless only because they were wholly irrelevant to the ALJ's legal determination)).

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

In this case, it is undisputed that the ALJ did not include all of Claimant's limitations in the hypothetical question to the VE. *See* Doc. No. 26 at 14-15. In her decision, the ALJ plainly stated that she relied on the testimony of the VE in determining that Claimant could perform other work. R. 26 ("Based on the testimony of the [VE], the [ALJ] concludes that . . . the claimant is capable of making a successful adjustment to other work that exists in significant number in the national economy."). While the Court agrees with the Commissioner that the Dictionary of Occupational Titles' description of the work identified by the VE do not require climbing, balancing, stooping, kneeling, crouching, or crawling, the ALJ relied on the testimony of VE, who was not provided with all of Claimant's limitations.[2] Thus, *Dial* is analogous to this case and is persuasive. Accordingly, because the ALJ failed to include all of Claimant's limitations in the hypothetical question to the VE, the final decision is not supported by substantial evidence. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985).[3]

## III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of Section 405(g) for further proceedings;

2. The Clerk is directed to enter judgment in favor of Claimant and to close the case.

---

[2] The Commissioner provided copies of the Dictionary of Occupational Titles for the relevant jobs. Doc. Nos. 27-1, 27-2, 27-3.

[3] Because the ALJ's error requires remand, it is unnecessary to address the other issues raised by Claimant. .

**DONE and ORDERED** in Orlando, Florida on August 7, 2012.

---
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794


John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida         33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
John C. Stoner, Branch Chief
Dana L. Myers, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia       30303-8920

The Honorable Betty Roberts Barbeito
Administrative Law Judge
c/o Office of Disability Adjudication and Review
5107 Leesburg Pike
Falls Church, VA 22041-3255